Chief Justice Bibb
delivered the Opinion of the Court.
Tub declaration was in covenant, by the administratrix of the decedant, demanding, to the use of Tilford, Scott and Trotter, the rent of a brick house, store and-counting room, in Lexington, upon a lease executed by the decedant, in his lifetime, to the defendants. The verdict and judgment was for the defendants; and the question brought before this court will be best comprehended and simplified by a recital of the facts in their chronological order, as confessed by the pleadings, and as they appear in proof.
On the 27th December, 1814, David Williamson and wife, executed to Thomas January, John W. Hunt, Wm. W. Worsley and James Haggin, a deed of trust, (duly admitted to record on the 5th day of the ensuing January,) for various estates, real and personal, including the brick house, store and counting room, in the declaration mentioned, for the pay inentof his creditors, and the indemnification of his endorsers, to a very large amount, and very many m number, specified in the deed of trust; the trustees also executed the deed and covenanted to perform the trusts.
To this deed his creditors, and especially Tilford, Scott and Trotter, were privy and cpnsenting.
The trustees were authorized, whenever necessary for the purposes of the trust, to sellaziy part or the whole estáte, and.especially if Williamson himself clid not pay the debts, as they from time to time fell due, the said trustees were authorized and re? quired upon requisition, of the creditors respectively, or endorsers, in writing, to that effect signified, to proceed to sell the estate, or such parts thereof, as might be proper for the execution of the trust, *597 after advertising in the manner pointed out in the deed. The trustees were also, by the deed - constituted the attornies, irrevocable, of said Williamson, to sell, dispose and manage the trust estate, with covenants bv the said Williamson, not to do any thing prejudicial to the trust and covenants by the trustees for faithful execution of it.
Lease declared on.
Sale of the devised property by the trustees.
Lease of the premises, by the purchaser, at the trustee’s sale.
Controversy for the possession.
On the 25th of February, 1817, David Williamson executed to the defendants the lease, (now sued on,) for the brick store and counting room, for the term of two years, to commence from, and after the expiration of a lease given by Williamson to Love, Tilford and Co. (which last expired on the 1st day of March, 1818,) reserving rent to be paid- by said defendants to Williamson, at the rate of $800 per year, payable quarter yearly from the said first day of March, 1818, and to return the premises in good order, accidents and fire, and decay excepted; and on thp aforesaid lease, said Williamson endorsed, “I assign the rents coining to me from the within lease to Tilford, Scott and Trotter, February 25th, 1817. D. Williamson.”
On the 6th February, 1818, the trustees, especially required in writing by the creditors, and by Tilford, Scott and Trotter among others, having advertised according to the requisitions of the deed, sold the property at auction. Thebrick house, store and counting room, was purchased by Thomas G. Prentiss.
On the 18th of February, 1818, Prentiss the purchaser, with James Haggin, leased the premises to Henry Fletcher, for two years from that date, reserving a rent of seven hundred dollars, payable quarter yearly.
Before the cpmmencem,ent of the term expressed in the lease of Williamson to the defendants, and at the execution thereof, the defendants were in possession, as the assignees of the previous lease by Williamson to Love, Tilford and Co. expiring on the said 1st of March, 1818; Williamson claimed the premises by articles of agreement, for the purchase from Samuel and George Trotter, at the price *598 of $11,300, in six equal annual instalments, the first payable the first of July, 1814, and so on, with various stipulations, to release Trotters from incum-brances, with liberty to Trotter in certain events, to elect to rescind the contract, and upon compliance on the part of Williamson, the vendors agreed to assign to said Williamson, all their interest in the said property, free of all claim. Under this agreement, Williamson was let into possession. A large sum being due from Williamson to Trotters, they claimed the possession; Tilfoni, Scott and Trotter, having possession of the lease from Williamson to the defendants, put up claim to the rents to accrue, under it. Prentiss the purchaser, demanded possession under his purchase. Under these embarrassments, the defendants abandoned the possession, under an indemnity from Prentiss, and Fletcher was let into possession under his lease from Prentiss and Hoggin. About an hour after, to-wit: on Ihe 18th February, 1818, Samuel and George Trotter entered in the absence of Fletcher, whilst the house was preparing for his reception. Fletcher finding that he could not regain the possession but by force, abandoned his lease, and the Trotters continued to hold the premises thenceforward and ever after.
Count in covenant on the lease.
thirst picaZ kabv.it in lr:n~ c/ncnti*, !V.:d that the premises were held by others, under the legal and paramount title.
*598 On the 10th of June, 1818, Susannah Williamson, (the widow,) as administratrix of David Williamson, sued the lessees, Richardsons, on the lease of the 26th of February, 1817, for the use of John Tilford, Thos. Scott and Trotter, trading under the firm of Tilford, Scott and Trotter, demanding five quarters’ rent as due, and in arrear. The declaration avers, that the lessees entered by virtue of the lease, and were possessed of their term, that Williamson, in his lifetime, and his administratrix since his death, had well and truly performed and fulfilled all on their part to be fulnled and performed.
It appears that the letters of administration were granted to the plaintiff Susannah, in May, 1810.
The defendants pleaded 1st: That Williamson, the decedant, had no right or title to the demised premises at the dale of the lease; nor any right, title or possession at any time during the term for *599 which he demised the premises to the defendants, and that Samuel Trotter, and the representatives of George Trotter, deceased, by a legal and paramount title, held and occupied the demised premises, during the whole term, from the said 1st day of March, 1818, until the first day of March, 1820.
Second plea, n. I habuit in tencmentis.
Third plea, nil kabui1 in Icnementii, specially stated, and that lessor was unable to give the possession.
Replication to the first and second pleas.
Secondly: That said Williamson had no right, or estate in the demised premises at the date of said lease, or at any time during the term, nor did the said defendants hold, or occupy the said demised tenement, any part of the said term expressed in the lease.
Thirdly: That before the execution of the said lease declared on, said Williamson hadexecuted the deed of trust, (which has been before stated,) setting forth the substantial parts thereof, with a proferí of the deed, that said Williamson utterly failed to satisfy the said creditors, or to indemnify his endorsers, according to the said deed; the written requisition of the creditors upon the trustees to proceed under the said deed in execution of the trust; the advertisement according to the deed, and the sale thereunder to Prentiss, in January, 1818, avering the written request of Tilford, Scott and Trotter, amongst other of the creditors in said deed; that said sale was necessary and indispensable in execution of the trust; that said purchaser, Prentiss, entered before the said first day of March, 1818; that said Williamson, had not at the date of said lease declared on, nor at the commencement of the term therein mentioned, nor at anytime during said term, any estate or title in the said demised premises, nor any possession of the demised premises, nor was he able in law, or in fact, to deliver the possession to the defendants at the commencement of the term, or during any part thereof, or to protect the said lessees in the use of the tenement, or any part thereof, during any part of the said term.
To the first and second pleas of the defendants, the plaintiff replied, “for the use of Tilford, Scott and Trotter,” “that said David Williamson, had estate, right and title in, and to the house and lot, covenanted to be leased as in the declaration meu- *600 tioned, at the date of the writing aforesaid, and that he had by his tenant full possession, power and authority to make such lease, and that the same might have been held and enjoyed according to the tenor of the said lease, by the said defendants lawfully, had not they voluntarily, and without the leave of the said Williamson, for the said Tilford, Scott and Trotter, and without the leave of the said Tilford, Scott and Trotter, yielded and abandoned the possession which they, or them claiming and holding possession under the said D- Williamson, at the date of the lease aforesaid, and taken, and held adversely to the claim of the said Williamson, and of said Tilford, Scott and Trotter, who claimed to be, and were the assignees oí said David Williamson, upon the covenant aforesaid, and this the plaintiff will verify.”
Defendant’s rejoinder to plaintiffs replication to the first and second pleas.
Replication to the third plea.
To this replication of the plaintiff, to the 2nd and 3rd pleas of the defandants, they rejoined, that the said tenement could not have been lawfully held by them; that they did not voluntarily and without leave of the said David Williamson, and without the leave of the said Tilford, Scott and Trotter, yield and abandon the possession of the said house and lot; concluding with a traverse and denial, that said Williamson, or said Tilford, Scott and Trotter, had any right or title, in the demised premises at the date of the lease, and traversing and denying that either of them had any possession, right or title thereto, at any time during the term for which said Williamson stipulated to lease and demise the premises to the defendants; and of that, they put themselves on the country, and the plaintiff likewise.
To the third plea of the defendant, the plaintiff replied, that before the 27th December, 1814, said Williamson was indebted to said Tilford, Scott and Trotter for goods, wares, &c, and being so indebted, said Williamson, on the 23rd February, 1817, in part'satisfaction thereof, did “transfer and assign to said Tilford, Scott and Trotter, by an endorsement upon the back of said lease declared on, which is to the court here now shown, whereby the said plaintiff saith, that they said Tilford, Scott and Trotter are *601 entitled, and of right ought to have all benefit of fhe covenant, of which the defendants afterwards had notice, “and the plaintiff farther sailh, for and on behalf of said Tilford, Scott and Trotter,”'the deed of trust and all proceedings under it, was made in fraud and with intent “to destroy and hinder the creditors of the said Williamson, and for that was void, as to the said Tilford, Scott and Trotter, and as to the defendants, and that the said entry of the said Prentiss at any time before, at, or after the said first day of March, 1818, was without the consent of said Tilford, Scott and Trotter, and with the consent, contrivance and permission of the said defendants, and npt by reason of any defect in fhe covenant of lease, or want of title, or right of possession in the said Williamson, to make such lease, or in his said assignees to maintain such possession, against such fraudulent and guileful deed of trust, and the proceedings thereon, as ip said third plea is supposed, and this the plaintiffs will verify &c.” ' ' ' '
Rejoinney tc¡ the replica-third^lea of defendant. '
To this replication the defendants rejoined, the execution of the deed of trust aforesaid, by Wil-jiamson ; that said Tilford, Scott and Trotter', whose debt was provided for in said deed, were consulted previous to the execution thereof, and advised and consented thereunto, that they are, and were parties to said deed, pi’esent at its execution, as-Sentedand approved; tliat Williamson failed to pay the debts recited in said deed; that by written request of the said creditors and end'orsers, the said trustees sold the estate according to the terms of the said trust, at public sale, after due advertisement, and in all things, conformed to the said deed of trust, and sold the whole estates; that the whole yras insufficient to pay all the said creditors; that Prentiss became the purchaser of the said premises in the lease declared op; that .said sale was made by the written request of the said Tfiford, Scott and Trotter, and others, the creditors and endorsers in said deed mentioned; that said sale to Pren-tiss, was made in January, 1818; that afterwards, and before the first of March, 1818, the said Prentiss entered, with the assent of said Williamson, and of *602 the said Tilford, Scott and Trotter, and took possession of the said tenement, and the same has been held ever since accordingly; that at the date of said lease, and at the time of commencement of the said term, and during the said term, said Williamson had no estate, right or title; that said defendants, neither on the said 1st of March, 1818, nor at any time thereafter, were in possesion or enjoyment, or use of any part of said tenement, without, that the said defendants without leave of the said Tilford, Scott and Trotter, and Williamson did abandon the possession, &c. “and this they are refidy to verify.”
Surrejoinder.
Query, of flie propriety of allowing pleading in the name of one for the
To this the plaintiff surrejoined; that said Prentiss did not before the said first of March, 1818, or since, “by and with the consent of the said Tilford, Scott &e.” enter and take possession of the said tenement, as in the rejoinder alleged; but that the “defendants were in the peaceable possession and seizin of said tenement, as the under tenant of said David Williamson, at the date of the said lease, and being so peaceably seized and possessed of the said tenement, they might so have remained, seized and possessed during the whole time of said lease, if they had not without the consent of the said Tilfold, Trotter, &o. voluntarily released and abandoned the same to said Prentiss, or another, as this repliant hath before alleged; and this she prays may be enquired of by the country; and the defendants likewise.”
It is not necessary to follow the labyrinth of pleadings, objections to evidence, questions for instructions to the jury, questions upon the setting aside the judgment by default, and upon the refusal of a new trial after verdict for the defendants, because a few plain and settled doctrines of the law applied to tire facts confessed by the pleadings, will decide the controversy.,
The declaration, replications and surrejoinder have used Tilford, Scott and Trotter as auxiliary maintenors of the action, as the cestui qm trusts, who are to assist the plaintiff in maintaining a suit which without their assistance, would bear no dispute. Waiving the question, whether a court should coun- *603 ienance such a form of declaring, the administra” trix of David Williamson is the plaintiff, and the party suing. She is the plaintiff who claims the egal right to prosecute the claim. Upon the face of the declaration, the question arises, what right has she to the rents demanded, or what right have she and Tilford, Scott and Trotter combined, to sue for the rents?
use of others, maintam"
Executor is entitled to i„! testator’s death, where testator^ ¡n thedemis-ed premises, was a ebaitol notewhereUh<2 had afree-^oM of in-_R,ents?foi» low the reversion,
Executor, in !'.1S declara-failing1 due4’ after testator’s death, th?esiat<Tof the testator in the prem-adraltel^
The declaration sets forth a demise by the dece-dant to the defendants, for wo years, commencing on the first day of March, 1818, reserving rents, payable quarter yearly. The covenant declared on concerns the realty, the rent issues out of the land, is to be paid out of the profits of the land. Did the rent become due, and in arrear in the lifetime of the decedant? No: that is not alleged nor pretended. How did the administratrix become entitled? What estate had the decedant, by virture of which he leased and demised the premises? Was it an estate of inheritance for life, or for years? If the latter, then the administratrix being entitled to the term for years, or chattels real of the decedant, might have been entitled to the rents accruing after the death of Williamson; but for such rents the ad-ministratrix can have no claim, if the estate of Williamson was a freehold of inheritance; they would belong to the person entitled to the inheritance; they follow the reversionary interest. (Co. Litt. 47 a. Bac. ab. Exr’s. H. 3. p. 419; Sackeverell vs. Froggatt,2 Sand. 368, and Wms. notes, 2, 5, 7; VIII Co. 71, Whitlock’s cash; Rockingham vs. Oxeden, 2 Salk. 578; Clun’s case, X Co. 127.) If the lessor himself had declared before this demise, he would not have been bound to set out any title to the land, Had Tilford, Scott and Trotter, declared as assignees of the reversion, they would have been bound to set out the title of the lessor to the demised premises and their right; so if the lessor had been himself hut a termor, and the suit had -been by the assignee of suoh lessor, or by his executor or administrator, it would have been necessary to set forth the lessor’s title, in order to show the plaintiff’s right of action for rent due after his death. (1 Sanders, 233, note 2 and 3; 2 Chitty’s pleadings, 253, 254, and note (o.) Rent *604 issuing out oftbe land belongs to the realty, the law directs the reservation in the general, according to’the nature of the estate demised. It belongs prima facie to the remainderman, reversioner, heir, devisee or assignee of the realty; if it belongs to the personalty, the administrator, who represents the personalty only, and not the real estate, and claims the rent, must show that it belongs'to the personalty or chattel interest of the intestate.
If tenant in fee for life or years, make leases under him, reserving rent, and then alien the estate, the purchaser is entitled to receive the, rents, and, as assignee, may maintain bo venan t.
'Conveyance in mortgage or in trust, in such case, has the same 'ef-feet, it seems, after notice to lessee, or sale by the trustees and notice by the purchaser.
*604 All the pleadings subsequent to the declaration confess these facts,: that before the lease declared on, the said lessor had executed the deed of trust of 1814, for the satisfaction of his creditors; that before the commencement of the term in the declaration mentioned, the interest of Williamson had been sold to Prentiss, in pursuance ofthe provisions of the deed of trust; that the lessees had not been in the possession, or enjoyment of the premises at any time during the term. The administratrix, nevertheless, endeavors to maintain her claim to the rent. The replications confess, that the lessees did hot possess or enjoy at any time during the term, confess the deed of trust, confess the sale under it in the lifetime of Williamson the lessor; but to avoid those facts and consequences, and to maintain the action by, the administratrix, for the rents accruing after the sale by the trustees, these propositions are, submitted by the plaintiff: 1st; that Williamson had power arid authority tcf make the lease; that it was a valid lease, because of his interest and possession at the date of the lease: and; that the lessees being in possession at the date of this lease, under their assignment from Lbve, Tilford & Co. of a former lease, might have held and enjoyed their term, as the lessees of Williamson, if they had not voluntarily and upon an indemnity from Prentiss, yielded the possession before the commencement of the term declared On: 3rdly, that Tilford, Scott and Trotter never assented to the entry of Prentiss under his purchase. Suppose these three several propositions to be true, what right or title can they give to the executrix, to demand the rents after the interest of Williamson the lessor, had been transferred under the deed of trust, in the lifetime of William *605 son, and before the commencement of the term? Suppose the lessees had held and enjoyed during the term; how can the intestate, Williamson, far his administratrix, make any claim to the rents which were reserved, and falling due after all the right, title and interest of Williamson had been sold and aliened, and assigned to Prentiss, under the deed of trust? The rents accruing and falling due under the lease, aftér the sale under the deed of trust, would have belonged to the purchaser, as assignee Of the estate Out Of which the rents were reserved and issuing, as part of the estáte purchased, or incident to it, and as compensation for the use and enjoyment, by the tenant Of an estate which belonged to the purchaser ; If tenant in fee for life, or for years, grant leases under him, reserving rents, and after aliens his estate, the purchaser is entitled to receive the rents, and, as assignee, may maintain an action of debt or covenant upon the lease. The cases of Thursby and others vs. Plant, 1 Sand. 230; Sackeverell vs. Froggatt, 3 Sand. 367: Whitlock’s case 3 Co. 70; Bac. ab. title debt, c. vol. 2 p. 16; VI. Viner, covenant, K. 3. p. 397; Spencer’s case 5 Co. 17; Auder vs. Noke, Cro. El. 373, 436. So a mortagee is entitled to rent under a prior lease, but falling due, and accruing after notice to the tenant.
One who conveys his estate in trust for his creditors, cannot after-wards make leases and assign the rents to their prejudice.
To have entitled the administratrix to maintain an action for rent upon this lease, one of two things should have appeared: that the rent was due and in arrear in the lifetime of the decedant, or that the interest of the intestate in the demised premises, was a chattel interest which was not claimed by the intestate, but came to the administratrix. To the pontraay of that, it appears by the pleadings, that the intestate had executed the deed of trust before the date of the demise, that all his estate and interest was sold in his lifetime, and before the commencement of the term stated in the demise. It cannot be seriously asserted by any gentleman of the profession who values his reputation, that one who had put his estate in mortgage, or in trust for securing his creditors, could execute an after lease for five hundred years, reserving rent, and by assigning away the lessees covenant, or the rents expressed in the cove *606 nant, debar tbe creditors of the rents, or retain tlie'irt £0 himself and his executors, or administrators, and thereby ovearreach and destroy the substantial provisions of the pledge.
Lessee in pos-íate convey-" cd afterwards for creditors in trust, may surrender to the purchasers from the trustees, and the taking an indemnity against tholes-sor does not
Plaintiffs declaration and bcin ° insuffi cícnt ho'nan complain of ting aside his judgment by ^^afaRer*1 ^árds.
*606 If Williamson had before the date of the deed of ^-ust, demised the premises for twenty or two bull-dred years, yet when Prentiss became the purchaser under the deed of trust, the lessees might have surrendered to him; neither Williamson, nor Tilford, Scott and Trotter, had any right to gainsay such a surrender. The yielding the premises to Prentiss was lawful. That the lessees took an indemnity for so doing, does not make the surrender illegal, it was an act of abundant caution. Neither Wil-Tilford, Scott and Trotter, had any liamson, nor j.jght to the rents accruing after the sale by the trustees. The replications and.surrejoinder, which introduced Tilford, Scott and Trotter, and speak of their unwillingness to the surrender, or the want of Williamson’s assent, were idle. Equaily so was the allegation by the administratrix, that the deed of trust was executed by her intestate, in fraud of said Tilford, Scott and Trotter. It is good against Williamson, 'the intestate, and his administratrix. But in the pica, it was averred that Tilford, Scott and Trotter were parties to said deed of trust, assenting to its execution, and requiring the trustees to proceed to the sale; the replication does not deny those facts; but not traversing any material fad stated in the plea, attempts to avoid it by matters wholly ir~ relevant, and in no degree conducing to maintain or show any right in the administratrix, to have or demand the rents mentioned in the declaration. From the declaration to the surrejoinder, there is no canse of action set out by the administratrix; not a fact which avoids the substantial defence set forth in the pleas of the defendants.
As to the exception taken to setting aside the judg* ment by default, we think the court exercised their powers discreetly in doing so, to let in a substantial defence disclosed in the affidavit, and the declara-; tion itself was too defective to have sustained the judgment by default.
Repleader refused.
judgment
Wickliffe and Combs, for appellants; Haggin and Loughborough, for appellees.
The view which this court has taken ol’ this subject of controversy, renders it useless to examine the question raised during the trial. The plaintiff in her pleadings, had stated herself without any cause of action; the defendants wanted no evidence of facts confessed by the pleadings; there was nothing for the jury to try. The fault in pleading is on the part of the plaintiff; the pleas of the defendant negative any cause of action; those pleas are not avoided, and in the declaration no cause of action is stated.
A repleader is never awarded in behalf of one who committed the first fault in pleading.
Il seems to this court, that the plaintiff has no color of claim to the rents demanded in the declaration. It is, therefore, considered by the court, that the judgment of the circuit court be ailirmed with costs.